IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE LYNN BACZYNSKI,            )
                                     )
         Plaintiff,                  )
   -vs-                              )  Civil Action No. 16-1652
                                     )
NANCY A. BERRYHILL,[1]               )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
         Defendant.                  )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11, 13 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

**I.  BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Plaintiff filed her application alleging disability began on January 31, 2012. (ECF No. 8-11, p. 52). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on January 29, 2015. (ECF No. 8-5). On April 22, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-4, pp. 5-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. '405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B.  **Supportive Living Environment**

Plaintiff asserts that the ALJ erred in failing "to consider Plaintiff's supportive living environment and/or need for ongoing accommodations related to her mental impairments."[2] (ECF No. 11, p. 4). Plaintiff begins by asserting that the record demonstrates that her level of functioning has occurred in the context of significant supports. (ECF No. 11 ,pp. 6-11). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is misplaced. Nevertheless, upon review of the evidence, I disagree.

In considering Plaintiff's residual functional capacity ("RFC")[3], the ALJ went through the entire record describing, in detail, Plaintiff's ability to functioning mentally and in what context.

---

[2]Plaintiff only takes issue with the assessment of her mental impairments. *See,* ECF No. 11. As a result, I will limit my review accordingly.

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own

3

(ECF No. 8-4, pp. 5-25). Simply because the ALJ did not lay out the context in the way that Plaintiff prefers/infers does not mean that the ALJ did not adequately and properly consider the same.

An ALJ must base her RFC assessment on all of the relevant evidence of record. 20 C.F.R. §§ 404.1545(a), 416.945(a). In her opinion, the ALJ must provide sufficient explanation of her final determination to provide the reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.1981). That is, the ALJ's decision must allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203–04 (3d Cir. 2008); *see also Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir.2001) (The ALJ's decision should allow the reviewing court the ability to determine if significant probative evidence was not credited or simply ignored.).

In this case, I find the ALJ discussed and thoroughly considered Plaintiff's ability to function mentally and the context of Plaintiff's supported living environment such that I am able to make a proper and meaningful review. (ECF No. 8-5, pp. 5-25). For example, the ALJ carefully considered, *inter alia,* Plaintiff's participation in a partial hospitalization program and the reasons for the same, her improvement, Plaintiff's attendance at group and individual therapy, and a weekly in-home visit by a supportive living counselor and found that Plaintiff did not demonstrate "an inability to function outside of a highly supportive living arrangement." (ECF No. 8-4, pp. 8-12, 18-23). Additionally, with regard to Plaintiff's testimony, the ALJ considered Plaintiff's credibility and found she was not entirely credible.[4] Therefore, the ALJ was

---

limitations. 20 C.F.R. § 404.1545(a). In this case, the ALJ found Plaintiff had the RFC to perform light work with exceptions. (ECF No. 8-4, p. 10).

[4] An ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the

not required to accept Plaintiff's testimony wholesale. I further find that the ALJ properly reviewed all of the same and that the RFC is based on substantial evidence. Consequently, I find no error in this regard.

An appropriate order shall follow.

---

individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE LYNN BACZYNSKI,<br><br>        Plaintiff,<br>  -vs-<br><br>NANCY A. BERRYHILL,[5]<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Civil Action No. 16-1652 |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 25th day of January, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                                                BY THE COURT:

                                                s/ Donetta W. Ambrose
                                                  Donetta W. Ambrose
                                                  United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.